IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| CHAD LOUIS FURCH, #1552973 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-13-009 |
| | § | |
| RICK THALER, Director of | § | |
| TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Gregg Costa, United States District Court Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), is the Petition for a Writ of Habeas Corpus of Chad Louis Furch, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) (Docket Entry ("Dkt.") Nos. 1, 8).[1] Respondent filed an "Answer with Brief in Support" (Dkt. No. 15), which this Court converted to a Motion for Summary Judgment (hereinafter, "Motion"). (Dkt. No. 19). Furch filed a response to the converted Motion (Dkt. No. 20) and Respondent then filed a reply. (Dkt. No. 21). This Court, having considered Respondent's Motion, the response and reply, the state court records, and the applicable law, now submits its Report and Recommendation to the District Court.

## I. BACKGROUND

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Chad Louis Furch (Furch) pursuant to a judgment and sentence entered by the 24th District Court of Jackson County, Texas in *The State of Texas*

---

[1] Attorney Walter M. Reaves, Jr. represents Furch in this action.

*v. Chad Louis Furch*, Cause Nos. 08-10-7987 and 08-4-7871.

Furch was separately charged by indictment with the second degree felony offense of aggravated assault with a deadly weapon in Cause Number 08-10-7987, and with "assault - family violence" in Number 08-4-7871. Both indictments reflect that the charges were enhanced by prior convictions. The facts, as summarized by the state court,[2] were as follows:

> Both cases involve violent incidents between appellant and his live-in girlfriend, Tracey Frerich. At trial, Frerich described her relationship with appellant as "unhealthy." She testified that in February 2008, after she told appellant she was ending their relationship, appellant assaulted her, pulled the phone off the wall, and threatened to kill her. Frerich obtained a protective order, but after approximately two weeks, allowed appellant to move back into her home. Frerich testified that the second assault (resulting in Case 2) occurred in August 2008. On that occasion, appellant punched Frerich in the back of the head. During this scuffle, appellant also came at Frerich with a screwdriver. After Frerich managed to call appellant's mother and her own mother, Frerich's step-father called the police. Appellant pleaded "not guilty" in both causes and waived trial by jury.

After hearing the evidence presented at trial, the state court judge found Furch guilty of both offenses and he further found that the enhancement paragraphs were true. On January 15, 2009, the trial court assessed punishment at twenty years and fifteen years, respectively, for the convictions and he also ordered the sentences to run consecutively.

Furch filed a timely appeal, however, the court of appeals affirmed his convictions on August 23, 2010. *Furch v. State*, Nos. 13-09-00077-CR & 13-09-00078-CR (Tex. App.–Corpus Christi 2010). Furch then filed a Petition for Discretionary Review (PDR), but it was refused by

---

[2] *Furch v. State*, Nos. 13-09-00077-CR & 13-09-00078-CR (Tex.App.—Corpus Christi 2010).

the Texas Court of Criminal Appeals (TCCA) on November 10, 2010. *Furch v. State*, Case No. PDR No. 1245-10 (Tex.Crim.App. 2010).

On September 8, 2011, Furch filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which, after remand, was later denied by the TCCA on September 12, 2012, without written order based on the findings of the trial court. *See Ex parte Furch*, WR-76,596-01.

Furch subsequently sought federal review of his state convictions by filing a federal writ of habeas corpus on February 4, 2013. (Dkt. Nos. 1, 8). Furch's claims, all of which arise out of his convictions, fall into two broad categories – namely, claims of ineffective assistance of counsel and claims that the State violated his due process rights. (*See id.*). The Respondent filed an "Answer" in which it denied each of Furch's claims and requested dismissal of the action. (Dkt. No. 15). As mentioned, the Respondent's "Answer" was converted to a motion for summary judgment (Dkt. No. 19) with the parties being provided ample opportunity to file their respective response and/or reply. (Dkt. Nos. 20, 21). The Respondent's Motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

The Court reviews Furch's petition under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. §2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002). Under the AEDPA, a state court determination on questions of law and mixed questions of law and fact are entitled to deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Hill v. Johnson*,

3

210 F.3d 481, 485 (5th Cir. 2000). In addition, a state court's factual findings are entitled to deference. 28 U.S.C. § 2254(d)(2); *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.2001). As such, "a determination of a factual issue made by a State court shall be presumed to be correct"[3] unless the petitioner rebuts those findings with "clear and convincing" evidence. 28 U.S.C. § 2254(e)(1); *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).[4]

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Furch claims that he is entitled to relief because he received ineffective assistance of counsel at trial. In particular, Furch alleges that his attorney was deficient for: (a) failing to inform him that a bench trial was a unitary, as opposed to a bifurcated, proceeding; (b) erroneously advising him to consolidate the two actions into one trial which caused him to unknowingly agree to waive his right to have the sentences run concurrently; (c) failing to call an expert witness to testify about the victim's injuries; (d) failing to investigate the incident; and (e) failing to object to inadmissible evidence. (Dkt. Nos. 1, 8).

The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. It does not, however, guarantee a criminal defendant errorless representation. *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that

---

[3] Normally, when the state habeas court and the trial court are one in the same, as is the case here, "[t]he presumption is especially strong." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

[4] Rule 56 of the Federal Rules of Civil Procedure applies to the extent that it does not conflict with the federal habeas rules. *Clark*, 202 F.3d at 764.

4

counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687. A court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000).

### 1. The Bench Trial

Furch's initial claim of ineffective assistance of trial counsel stems from the fact that his bench trial was not a bifurcated proceeding. The law, however, does not afford him the right to a bifurcated proceeding. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, §2(a); *Barfield v. State*, 63 S.W.3d 446 (Tex.Crim.App. 2001). The Texas Court of Criminal Appeals has long recognized that "[t]he bifurcated-trial procedure . . . is not authorized in a trial [on a plea of not guilty] without a jury." *Barfield*, 63 S.W.3d at 449; *see also, Harris v. State*, 125 S.W.3d 45, 52 (Tex.App.–Austin, 2003, pet. dism'd, untimely filed) (recognizing that the statutory bifurcation provision "is only applicable to 'pleas of not guilty before a jury'" but not when the trial is before the court). Instead, "[a] bench trial is a unitary trial, and the decision of the court is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments are heard." *Prihoda v. State*, 352 S.W.3d 796, 807 n.2 (Tex.App.–San Antonio 2011, no pet.) (citing *Barfield*, 63 S.W.3d at 451). Moreover, even if "a trial court employs procedures characteristic of bifurcation, a bench trial remains a unitary trial punctuated by a recess in the middle." *Ferguson v. State*, 313 S.W.3d 419, 424 (Tex.App.–Houston [1st Dist.] 2009, no pet.).

Nonetheless, Furch alleges that his attorney was ineffective for failing to advise him that a bench trial was a unitary proceeding where evidence of extraneous offenses and prior misconduct

5

could be admitted and that his decision to forego a jury trial was an uninformed one because he believed that there would be a separate proceeding. Respondent argues that Furch's claims are refuted by trial counsel's affidavit, the trial court record and, ultimately, undermined by the trial court's findings of fact. The Court agrees.

Despite his contentions, the record reflects that Furch voluntarily waived his right to a jury trial – for both the determination of guilt and punishment – not only in writing, but in open court.[5] *Ex parte Furch*, WR-76-596-01, at 124, 132; *State of Texas v. Furch*, Cause Nos. 08-10-7987, 08-4-7871, Trial Transcript at Vol. 2, pp. 41-42 & Clerk's Record at 16, 19. Furch's declarations in open court and on the record "carry a strong presumption of verity,"[6] which he has failed to rebut. *See Walker v. Maggio*, 738 F.2d 714, 716-17 (5th Cir. 1984) (in a habeas proceeding, the petitioner has the burden of proving that he is entitled to relief); *see also, Pinkston v. State*, 744 S.W.2d 329 (Tex.App.–Houston [1st Dist. 1988, no pet) ("[w]ithout conclusive support in the record, [the court] cannot presume that the decisions [regarding a jury] originated with the

---

[5] The Court pauses to note that this was not a case where defense counsel pressured or otherwise convinced Furch to waive his right to a jury trial. On the contrary, the record before the Court reflects the following: (a) Furch initially requested a jury trial (*i.e.*, both guilt/innocence and punishment); (b) defense counsel memorialized the election because he viewed Furch as "argumentative, abusive and combative [in] nature and demeanor throughout the course of the representation"; (c) in accordance with Furch's election, defense counsel was ready for trial; (d) that on the day of trial, after a jury panel had been called and *voir dire* had commenced, Furch expressed to defense counsel that he had serious misgivings about proceeding with a jury trial given the composition of the panel and the prospect that any female jurors would be biased against him and favor the victim; (e) defense counsel explained to Furch the other option available to him--namely, a bench trial in which Senior District Court Judge Joseph P. Kelly would try both the guilt/innocence and punishment phases of the trial, thus, making it a unitary proceeding; and (f) due to his concerns over the likely jury panel, Furch informed his attorney that he wished to change his election and proceed with a bench trial rather than a trial by jury. *Ex parte Furch*, WR-76-596-01 at 124.

[6] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986).

attorney and were not the result of acquiescence to the client's wishes"). Although Furch now claims that he was not aware of the effect of his waiver (*i.e.*, that he would not obtain a bifurcated trial), this does not invalidate his waiver.[7] Additionally, Furch's claim that he was not aware that the proceeding was not bifurcated and that evidence of extraneous offenses and prior misconduct could be admitted is contradicted by the record. *See State of Texas v. Furch*, Cause Nos. 08-10-7987, 08-4-7871, Trial Transcript, Vol. 3 at 10-11; 22. Finally, even to the extent that Furch was not initially aware of the effect of a bench trial, once it became clear — as is clearly reflected in the record — he made no attempt to object to the proceeding and/or request that the waiver of his jury trial be withdrawn.

Furch has also failed to demonstrate prejudice. *See Strickland*, 466 U.S. at 694 (to establish prejudice, the petitioner must establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different"). In this case, a state court judge, sitting as a trier of fact, is presumed to have rested his verdict only on admissible evidence before him and to have disregarded evidence that is inadmissible; therefore, any error in the admission of evidence is harmless if there exists other admissible evidence sufficient to support the conviction. *United States v. Impson*, 562 F.2d 940, 971 (5th Cir. 1971) ); *see also United States v. Ayo-Gonzalez*, 536 F.2d 652, 656 (5th Cir. 1976) (recognizing that in a bench trials, "(s)trict evidentiary rules of admissibility are generally relaxed in bench

---

[7] *Cf. Carroll v. State*, 42 S.W.3d 129, 135 (Tex.Crim.App. 2001) (the waiver does not turn on whether the proceeding was unitary or bifurcated, but upon the nature of what is given up by the waiver); *see also, Norman v. State*, 359 S.W.3d 283, 283-84 (Tex.App.–Texarkana 2012, pet. ref'd n.r.e.) (quoting *Barfield*, 63 S.W.3d at 449-50) (recognizing that because the guilt and punishment stages are not bifurcated in a bench trial, there was no requirement for additional admonishment by the trial court with respect to a waiver of a jury trial).

trials, as appellate courts assume that trial judges rely upon properly admitted and relevant evidence"). The state habeas court judge, who presided over the trial, explained that he did just that and that the introduction of Furch's extraneous acts or prior convictions did not affect his determination of Furch's guilt.[8] Finally, despite his speculation to the contrary,[9] ample evidence existed in the record to support the trial court's determination that Furch was guilty of each offense charged. The Court, therefore, concludes that Furch is not entitled to relief on this claim.

### 2. Consecutive Sentences

The next claim asserted by Furch against his attorney goes to the issue of stacking. Respondent argues that Furch has failed to overcome trial counsel's strategic reasoning, of which Furch was aware, for agreeing to the concept of stacked sentences. (Dkt. No. 15 at 39-33).

Under Texas law, when a defendant, who faces separate charges stemming from separate indictments, is not prosecuted in a "single criminal action,"[10] the trial court has discretion under Texas law to order consecutive sentences. TEX. CODE CRIM. P. 42.08; *see also, Baker v. State*, 107 S.W.3d 671, 672 (Tex.App.–San Antonio, 2003, no pet.) (citing *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992) ("The trial court's general authority under Texas Code

---

[8] In his findings of fact and conclusions of law, the state court habeas judge, who was also the trial court judge, explained that "[t]he Court's decision was based upon testimony concerning the conduct of the Applicant/Defendant in the two separate criminal incidents under indictments which the Court found to be credible and proof beyond a reasonable doubt. The Court did not consider other convictions or bad acts in deciding guilt under each of the indictments." *Ex parte Furch*, WR-76,596-01 at 227.

[9] *See Strickland*, 466 U.S. at 693 (explaining that the petitioner must "affirmatively prove prejudice"); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992) (a petitioner cannot satisfy his burden based on mere speculation or conjecture).

[10] TEX. PEN. CODE §3.03 provides that multiple sentences for multiple convictions arising out of the same criminal episode and prosecuted in a single criminal action shall run concurrently.

of Criminal Procedure article 42.08 to order consecutive sentences is statutorily limited by Texas Penal Code section 3.03.").

In this case, the prosecutor decided to try the two cases against Furch separately and, in doing so, attempt to stack the sentences. Furch's attorney reasonably believed that the prosecutor's decision to try the cases separately posed a dilemma for Furch and, therefore, recommended that they seek to have the cases joined for trial. In his affidavit, defense counsel explained the reasoning behind his recommendation as follows:

> 2. Defense Counsel's intent in having the assault family-violence charge and the aggravated assault with a deadly weapon charges tried together was to have the resulting effect of any sentencing to run concurrently. The purpose of trying the cases together was to further the strategy of allowing the trier of fact to impute the favorable evidence of one charge to the other charge. It was hoped that by attacking the credibility and evidence in one charge, the trier of fact might make a conclusion favorable to the Applicant in the second charge. Further, it was in the interest of judicial economy for the cases to be tried together.

*Ex parte Furch*, WR-76-596-01 at 124.

The prosecutor ultimately agreed to join the cases for trial, however, he did so on the express condition that he would not be precluded from requesting the cases be stacked. Specifically, in Furch's presence, the prosecutor stated, in open court and on the record, the following:

> It's my understanding that the defendant has agreed that both cases can be tried together. The agreement was – we understand the Court doesn't have to stack, but if we don't have the agreement that they can be stacked, then the Court would not be permitted to do it. So the agreement the State has for trying the two cases together is that the availability of stacking is still there. That doesn't mean you will or you won't. But the statute is clear that if you try them together without that agreement, they can't be and the State's not going to agree to it, and as I understand it, the defendant has agreed to it as well.

9

*State of Texas v. Furch*, Cause Nos. 08-10-7987 & 08-4-7871, Trial Transcript, Vol. 2 at 11. Following the prosecutor's pronouncement, the trial court judge took the opportunity to question Furch to ensure that he understood the State's agreement. Furch confirmed to the judge that he wanted "to try both cases in one proceeding" and that he "consent[ed] to the concept that the two punishments for the separate felonies could be stacked." *Id.* at 12.

In his state habeas proceeding, Furch alleged that he involuntary waived his right to have his sentences run concurrently based on his attorney's erroneous advice. When addressing this claim, the state habeas court credited the attorney and determined that the decision represented a "reasonable strategy for the defense." *Ex parte Furch*, WR-76-596-01 at 229. On this basis, the state court concluded that Furch's attorney did not provide ineffective assistance of counsel with regard to this issue and, thus, he was not entitled to habeas relief on this ground.

Having reviewed the record in this case, this Court also finds defense counsel's decision to request the two cases be tried together, even though the State would attempt to "stack," rather than have them tried separately and almost surely subject Furch to stacking, represented a reasonable trial strategy for the defense. *See e.g.*, *Lilly v. State*, No. 06-03-00157-CR, 2003 WL 22881800, at *2 (Tex.App.–Texarkana, Dec. 8, 2003, no pet.) (counsel was not ineffective for seeking to consolidate cases "because if the cases has been tried separately, and if convicted of both, Lilly would then face the unpalatable possibility of having two sentences stacked."). When there is at least a reasonable justification for counsel's action, as is the case here, it cannot be said that his representation was objectively unreasonable. *See Strickland*, 466 U.S. at 687. While the Court recognizes that the decision did not, in the long run, prove beneficial to Furch because he received consecutive sentences, a failed strategy does not establish that defense counsel rendered

10

ineffective assistance. *See id.* at 689 (recognizing that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable"); *Gray v. Lucas*, 677 F.2d 1086, 1094 (5th Cir. 1982) (the mere fact that strategy ultimately proved unsuccessful, does not render counsel's assistance ineffective). Because the state habeas court's rejection of this claim does not represent an unreasonable application of established federal law or one that was contrary to established federal law, the Court concludes that Furch is not entitled to federal habeas relief on this claim.

### 3. Failure to Call an Expert Witness

Furch next faults his attorney for failing to call an expert witness who could offer testimony regarding the "age" of bruises in an effort to establish that the victim's injuries pre-dated the incident. Respondent argues that this claim must be dismissed because counsel's decision to cross-examine the State's witness (*i.e.*, the nurse who examined Tracey Frerich when she sought medical care) instead of calling an expert witness represents a reasonable trial strategy.

Claims regarding a trial attorney's failure to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and "speculation about what witnesses would have said on the stand is too uncertain." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). A petitioner who alleges ineffective assistance of counsel based on counsel's failure to call a witness must demonstrate prejudice by "nam[ing] the witness, demonstrat[ing] that the witness was available to testify and would have done so, set[ting] out the content of the witnesses proposed testimony, and show[ing] that the testimony would have been favorable to a particular defense." *Id.* at 808.

In his state habeas proceeding, Furch presented this claim, accompanied by affidavits from medical professionals. Furch's attorney responded to his claim by explaining that he did not call a doctor as an expert witness to testify as to the "life" of a bruise and, instead, he chose to cross-examine the State's witness regarding the matter. The state habeas court, who credited Furch's attorney, concluded that Furch was not entitled to relief because his attorney's decision was a matter of trial strategy. *Ex parte Furch*, WR-76,596-01, at 229-30. The state habeas court also determined that calling such an expert would simply have proven more detrimental to Furch. Specifically, the state court judge, who was an experienced senior judge, explained that he "regularly" hears testimony regarding the "life" of a bruise; that counsel's decision not to call an expert was reasonable trial strategy; that counsel utilized cross-examination to make the point; and had counsel called such an expert witness who would testify differently, the court "would look suspiciously upon" that expert; that calling an expert to testify would have prompted the court to "question the veracity of other evidence offered by the defense"; and that the use of the expert's report to cross-examine the nurse would not have carried the weight of the nurse's testimony because she examined the victim on the day the incidence occurred. *Id.* Despite Furch's conclusory arguments to the contrary, the state habeas court's rejection of this claim did not involve an unreasonable application of established federal law or one that was contrary to established federal law. Furch is, therefore, not entitled to federal habeas relief on this claim.

### 4. Claim Regarding Failure to Investigate

Furch next alleges that his attorney failed to investigate the incident and, had he done so, he would have been able to impeach the victim's testimony that Furch injured her hand and caused a dent in the garage. In support of his contentions, Furch submits an affidavit from Grover

12

Hargrove who explained that the dent in the garage door was caused when they were moving a couch into the house. *Ex parte Furch*, WR-76-596-01 at 96. Respondent insists that Furch failed to present this particular claim in state court and he is, therefore, procedurally barred from asserting it in his federal writ.

A federal habeas corpus court may not entertain a state prisoner's petition for relief unless he has first exhausted all remedies available in state court,[11] however, a careful reading of Furch's state habeas corpus writ reflects that the issue was raised (*see Ex Parte Furch*, WR-76-596-01 at 28-29; 31-37), albeit briefly, and even addressed by the State when it submitted "Proposed Findings of Fact and Conclusions of Law" to the trial court. *See id.* at 223.

Nevertheless, the Court concludes that Furch is not entitled to federal relief with regard to this claim. First, Furch has not demonstrated that the attorney's conduct was deficient. *See Strickland*, 466 U.S. at 691 (recognizing that an attorney has a duty to make a reasonable investigation of a defendant's case or make a reasonable decision that a particular investigation was unnecessary). According to the state court's findings, which are presumptively correct, the attorney stated that he had "ample opportunity to prepare and call any witnesses that Applicant wanted to secure for his trial. The only witnesses that Applicant wanted to testify on his behalf were those witnesses that were called and that did, in fact, testify." *Ex parte Furch*, WR-76-596-01 at 125. There is no evidence that Furch, who was clearly aware that the dent in the door was made at a previous time, ever brought this evidence to his attorney's attention or informed him that Grover Hargrove could be called to testify how this pre-existing damage occurred.

––––––––––––––––

[11] 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

However, even assuming that defense counsel had failed to investigate this aspect of the incident, Furch cannot show that this failure prejudiced him because his characterization of the victim's testimony is inaccurate and it would not have undermined the victim's testimony concerning how her physical injuries occurred.[12]  Finally, the Court observes that Furch was charged by indictment for causing bodily injury to the victim, not by any injury to her hand, but "by hitting her in the back of the head with his fist" and "by grabbing the arm of the said [victim] and throwing her into the wall."[13]  *See United States v. Drones*, 218 F.3d 496, 501 (5th Cir. 2000) (in order to establish prejudice, a petitioner is required to show more than a mere possibility that counsel's errors could have affected the outcome of the trial).  Furch is, therefore, not entitled to federal habeas relief on this claim.

### 5. Failure to Object to Inadmissible Evidence

Furch contends that his attorney erred by failing to object to inadmissible evidence.  In particular, Furch complains that counsel failed to object when the police officer testified that he personally believed the victim's account.  Furch also complains that counsel also failed to object when the prosecutor made a similar statement in his closing argument.  (Dkt. No. 8 at 23).

The record supports Furch's contentions that his attorney failed to object to this evidence, however, it does not support that any such error prejudiced him.  A presumption exists in the law

---

[12] The victim testimony reflects that the damage to the door was likely a result of Furch punching it, which would be consistent with the police officer's testimony that Furch's knuckles were "busted" (*State of Texas v. Furch*, Cause Nos. 08-10-7987 & 08-4-7871, Trial Transcript, Vol. 3 at 96), while the damage to her hand was because she was clutching the door frame and Furch shut the door on her hand.  (*Id.* at 55).  The victim later clarified that the bruising on her hand resulted when she "pushed the door and it come back, it hit my hand."  (*Id.*)

[13] *State v. Furch*, Cause Nos. 08-4-7987 & 08-4-7871, Clerks' Record, Vol. 1 at 4, 5 (Indictments)).

14

that the judge, when sitting as the trier of fact, will follow the dictates of the law concerning admissibility of evidence. *See Moton v. State*, 540 S.W.2d 715, 716 (Tex.Crim.App. 1976) (the trial court judge is presumed to have disregarded any inadmissible evidence when determining punishment). In this case, the trial court judge, who was also the state habeas judge, explained that "[a]s far as any opinion by the State that he believed Frerich, this was of no moment to the Court as this Court has learned in eighteen years on the bench that what matters are the facts and the law, not what the lawyers tell you what they think. Thus the Court did not pay any attention to the remark and decided the case on the facts found by the Court in the testimony." *Ex parte Furch*, WR-76,596-01, at 230. Furch fails to rebut the this finding. Furch has also failed to demonstrate that the state habeas court's determination that counsel did not provide ineffective assistance of counsel with regard to this issue was contrary to or involved an unreasonable application of federal law.

In conclusion, this Court **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** and that all of Furch's claims that he was deprived of effective assistance of counsel in violation of his Sixth Amendment rights be **DISMISSED**.

## B. Due Process Violations by the State

Furch claims that the State violated his due process rights when it failed to disclose exculpatory information that could have been used in his defense to impeach both the alleged victim and his ex-wife, Dana Kimble. (Dkt. Nos. 1, 8). The Respondent argues that Furch is not entitled to federal relief because his is procedurally barred from asserting one of these claims. The Respondent also argues that Furch is not entitled to relief because he has failed to rebut the factual findings of the state habeas court and has not shown that the state court's decision was contrary

15

to, or involved an unreasonable application of clearly established federal law. The Court addresses Furch's claims in turn.

### 1. Victim - Tracey Frerich

As a threshold issue, Respondent argues that Furch did not exhaust this claim in state court and, as a result, he is procedurally barred from asserting it in his federal writ. A federal habeas corpus court may not entertain a state prisoner's petition for relief unless he has first exhausted all remedies available in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To fairly present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner is required to present the state courts with "the same [substantive] claim that he urges upon the federal courts." *Picard*, 404 U.S. at 275-76.

The state court records[14] reflect that Furch did raise a *Brady* claim in his state habeas writ, but the factual basis for the claim was limited to the alleged failure to disclose information concerning the State's witness, Kimball. Furch did not claim that the State violated *Brady* by failing to disclose information regarding the victim, Tracey Frerich. Furch insists, however, that because he was acting *pro se*, he is entitled to have his pleadings liberally construed. The record does not support his contentions.[15] Nevertheless, assuming this were the case, even by applying

---

[14] The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, _U.S. _, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

[15] Contrary to his claims, the state court records reflect that Furch was represented by counsel during at least a portion of his state habeas proceedings before he elected to part ways with the attorney. *See Ex parte Furch*, WR-76,596-01, at 3-51; 119. In addition, according to the habeas court judge, who

16

a liberal construction the Court cannot conclude that this issue was "fairly presented" to the state court. *See Finley v. Johnson*, 243 F.3d 215, 219 (5ᵗʰ Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4 (1982)) (a petitioner does not satisfy the exhaustion requirement where he presents a different legal or factual claim than the one he raised in state court); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5ᵗʰ Cir. 1997) (no fair presentation to state court "if the prisoner presents new legal theories or factual claims in his federal habeas petition"); *Joyner v. King*, 786 F.2d 1317, 1320 (5ᵗʰ Cir. 1986) (explaining that there is no fair presentation to state court where federal claim contains "new factual allegations in support of a previously asserted legal theory"); *Brown v. Estelle*, 701 F.2d 494, 495–96 (5ᵗʰ Cir. 1983) (if claim in federal court is in a significantly stronger posture then it was in state court, it was not fairly presented to state court). Since this claim could have, but was not, raised in Furch's state court proceedings, it is unexhausted and, as a consequence, he is procedurally barred from asserting it in his federal habeas writ. *See Finley*, 243 F.3d at 220 (it is well established that "[i]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). Finally, because Texas would bar Furch from raising this claim in another habeas corpus application,[16] this default represents an adequate state procedural ground which, in turn, bars federal review of "Claim Number 3." *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5ᵗʰ Cir. 1995)).

---

was also the trial court judge, Furch's application for state writ "was prepared by a member of the State Bar and is not your everyday *pro se* application prepared by a layman." *Id.* at 114.

[16] *See Finley*, 243 F.3d at 220 (under TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a), a successive state habeas corpus petition is barred by the Texas abuse-of-the-writ statute).

Nevertheless, even assuming for the sake of argument that Furch had exhausted this claim, it would not afford him relief. In a criminal proceeding, the government has a duty to disclose exculpatory evidence that is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The suppression of such favorable evidence by the prosecution triggers due process concerns under the Fourteenth Amendment. *Id.* To establish a *Brady* violation, a petitioner must prove that (1) the prosecution actually suppressed the statements, (2) the statements were favorable to him, and (3) the statements were material. *See Kyles*, 514 U.S. at 434; *Brady*, 373 U.S. 87; *see also, Trottie v. Stephens*, 720 F.3d 231, 251 (5th Cir. 2013).

Furch complains that the victim, Tracey Frerich, was under indictment at the time his trial commenced on January 12, 2009, for the offense of possession of a controlled substance in Guadalupe County that occurred in 2006 and, because she had not complied with an agreement made during a pre-trial diversion, a capias was issued on January 21, 2009 for her arrest. (Dkt. No. 8 at 8). Furch is not entitled to federal habeas relief with regard to this claim for several reasons. First, albeit for a different purpose,[17] the state habeas court acknowledged that the State had an ethical and legal obligation to disclose any exculpatory evidence and it determined that the State fulfilled its obligations. *Ex parte Furch*, WR -76-596-01 at 230. In reaching that conclusion, the state court credited the district attorney who, in an affidavit, explained that the pre-trial diversion that the victim received from a different county was not included in her criminal

---

[17] The state habeas court made its finding within the context of an ineffective assistance of counsel claim for failing to file a pre-trial motion for discovery. The state court, however, bolstered its finding by concluding that the State satisfied its obligation to disclose exculpatory evidence. *Ex parte Furch*, WR-76-596-01 at 230.

history[18] and, even if it had been included, the "pre-trial diversion had expired by the time of trial, and could not have been used in any form of impeachment since there was no pending indictment." *Ex parte Furch*, WR -76-596-01 at 156.

Second, even assuming the State had this evidence or, as Furch argues, that an "indictment" was still pending against the victim, the law is clear that "[f]or evidence to be considered suppressed for *Brady* purposes, it must not have been known to the defense or discoverable to it by the exercise of reasonable diligence." *Graves v. Cockrell*, 351 F.3d 143, 154 (5th Cir. 2003); *see also*, *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994) (explaining that *Brady* claims involve "the discovery, after trial of information which had been known to the prosecution but unknown to the defense"). In other words, "the State does not have such a duty if the defendant was actually aware of the exculpatory evidence or could have accessed it from other sources." *Pena v. State*, 353 S.W.3d 797, 810 (Tex.Crim.App. 2011); *Hayes v. State*, 85 S.W.3d 809, 814-15 (Tex.Crim.App. 2002). In the present case, while defense counsel has made clear that he was not aware of the information concerning the victim, the same lack of knowledge cannot be said of Furch.[19] *Cf. Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984) (refusing to hold counsel ineffective when the defendant failed to impart sufficient information to permit trial counsel to determine the identity of key witnesses); *Rodriguez v. State*, 74 S.W.3d 563, 569 (Tex.App.–Amarillo 2002, pet. ref'd) ("a client has a duty to disclose information

---

[18] *See Pena v. State*, 353 S.W.3d 797, 810 (Tex.Crim.App. 2011) (quoting *Hafdahl v. State*, 805 S.W.2d 396, 399 n. 3 (Tex.Crim.App. 1990)) (explaining that "*Brady* and its progeny do not require prosecuting authorities to disclose exculpatory information to defendants that the State does not have in its possession and that is not known to exist").

[19] An exhibit contained in the state court records reflects that Furch was previously charged with possession of a controlled substance and also intending to hinder the arrest of Tracey Roan Frerich and harbor and conceal her on July 10, 2006. *State v. Furch*, Nos. 08-4-7987 & 08-4-7871, Vol. 6 (Exhibits).

pertinent to his defense" and, when he fails to do so, "he may not complain about the effect his own evasive conduct had upon the performance of counsel").

## 2. Witness -- Dana Kimble

Furch next claims that his Due Process rights were violated because the prosecutor induced his ex-wife, Dana Kimble, to testify against him at trial by giving her favorable treatment regarding an offense that was pending against her and by suppressing this evidence from him.[20] Furch raised this claim in his state habeas writ and it was rejected by the Texas Court of Criminals. *Ex parte Furch*, WR-76-596-01, at cover; 227-233. In particular, the state habeas court, who was also the trial court, made the following findings and conclusions:

> 17. ...the Court finds that after the supposed recantation Dana Kimble again appeared before a Jackson County grand jury and, after complete admonishment as to her rights, affirmed that all of her trial testimony was truthful; therefore, the Court finds the testimony of Dana Kimble was not "recanted" and applicant suffered no due process rights violation. The Court further finds the prosecution did not assure Dana Kimble that her driver's license would be reinstated and she would be excused from community service in exchange for her testimony, and a general statement in that regard in her supposed "recantation" is not believable and is not true.

*Id.* at 232. The factual determinations made by the state court are entitled to a presumption of correctness[21] and Furch has failed to rebut this presumption with clear and convincing evidence. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (noting that the presumption is "especially strong when the state habeas court and the trial court are one in the same"). Consequently, this Court finds no reason to disturb the state court findings. *See Maggio v.*

---

[20] *Napue v. People of State of Ill.*, 360 U.S. 264 (1959); *Giglio v. United States*, 405 U.S. 150 (1972).

[21] *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Hudson v. Quarterman*, 273 Fed.Appx. 331, at *3 (5th Cir. 2008).

*Fulford*, 462 U.S. 111, 113 (1983) (a federal court is not permitted to substitute its own judgment as to the credibility of witnesses for that of the state court fact finder); *Jackson v. Miss. Dep't of Corrections*, 359 Fed.App'x 499, 502 (5ᵗʰ Cir. 2010) (explaining that "[a]s a federal habeas court, 'we must defer to the factual findings in the state court proceedings' and 'respect the ability of the fact-finder to evaluate the credibility of the witnesses'").

Furch also claims that his Due Process rights were violated when the State failed to disclose exculpatory information that could have been used to impeach Kimble. Even assuming that the prosecutor had insinuated consideration for Kimble's testimony, Furch has not established a *Brady* violation with regard to this witness. To prevail under *Brady*, Furch must show that the purported suppression of the evidence at trial materially affected the trial's outcome. *Brady*, 373 U.S. at 87. Furch can make no such showing. The record reflects that Kimble was not a key witness, nor was her testimony crucial to the determination of Furch's guilt. *See Tassin v. Cain*, 517 F.3d 770, 780 (5ᵗʰ Cir. 2008) (nondisclosure of evidence affecting witnesses credibility constitutes a *Brady* violation when reliability of a witness may be determinative of guilt or innocence). Furthermore, defense counsel had ample grounds to call Kimble's credibility into question based on her prior convictions, as well as her admission that she harbored hostility toward Furch because of their relationship and because he divorced her.

Because the state court determinations are not "contrary to" or an "unreasonable" application of federal law, this Court **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** and Furch's claims that the State violated his Due Process rights under the Fourteenth Amendment be **DISMISSED**.

## CONCLUSION

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment (Dkt. No. 15) be **GRANTED** and that Chad Louis Furch's federal habeas corpus petition be **DISMISSED**, in its entirety, with prejudice.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **April 15, 2014,** to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C). Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___31___ day of March, 2014.

_____

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

22